UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

RACHEL MARIE MENENDEZ,    )
                          )
            Plaintiff,    )
    vs.                   )    1:11-cv-00361-JMS-MJD
                          )
                          )
AARON MCCLELLAN,          )
            Defendant.    )

# E N T R Y

This cause is before the court on the plaintiff's motion for leave to file a supplemental pleading.

## I.

The court notes, initially, that the caption used by the plaintiff in the foregoing motion indicates that the defendant is being sued in both his individual and his official capacity. This is not an accurate statement of the claim which survived the ruling of July 29, 2011. Instead, the only claim which survived that ruling is the claim against the defendant in his individual capacity.

## II.

The United States Supreme Court has held that § 1983 claims may be properly brought against municipalities for actions by its employees only if those actions were taken pursuant to an unconstitutional policy or custom. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690 (1978). A successfully established *Monell* claim can fall under one of the following three categories:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written or express municipal policy, is so permanent and well-established as to constitute a "custom of usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004) (internal citations omitted).

The plaintiff's motion for leave to file a supplemental pleading contains her statements that (1) she does not seek reconsideration of the Entry of July 29, 2011, (2) she has recently learned that, while confined in the Marion County Jail her brother was the victim of excessive force, and (3) she requests leave to file a supplemental pleading asserting a *Monell* claim against the Marion County Sheriff's Department.

The plaintiff's request does not fall within either the letter or the spirit of Rule 15(d) of the *Federal Rules of Civil Procedure.* Rule 15(d) allows supplementation of a complaint by adding causes of action related to events that have happened since the original complaint was filed. *Eid v. Alaska Airlines, Inc.,* 621 F.3d 858, 874 (9th Cir. 2010). The plaintiff's motion does not identify an event which occurred after the filing of her complaint on March 14, 2011, supporting a cause of action. The plaintiff may not have known of the experience of her brother at the Jail when she filed her complaint, but her later learning of that experience merely amounts to the discovery of information which may be evidence pertinent to a claim or defense in the case. Additionally, "[w]hile leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood of S. Ariz. v. Neely,* 130 F.3d 400, 402 (9th Cir. 1997) (quoting *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir. 1988)). Thus, a district court may grant permission to file supplemental pleadings under Rule 15(d) "when the supplemental facts connect it to the original pleading." *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995). The plaintiff's *Monell* claim was dismissed as legally insufficient. She does not seek reinstatement of that claim. The facts identified in her motion for leave to file a supplemental pleading are not connected to the remaining individual capacity claim of excessive force by the defendant.

Based on the foregoing, the plaintiff's motion for leave to file a supplemental pleading [79] is **denied**.

**IT IS SO ORDERED.**

Date: 12/01/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Rachel Marie Menendez
614 ½ N. Emerson Ave.
Indianapolis, IN 46219

All Electronically Registered Counsel