UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RACHEL MARIE MENENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-00361-JMS-MJD |
| | ) | |
| | ) | |
| AARON MCCLELLAN, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

The remaining claim in this action is asserted against Deputy Aaron McClellan in his individual capacity pursuant to 42 U.S.C. § 1983. Plaintiff Menendez alleges that Deputy McClellan employed excessive force against her on March 31, 2009, while Menendez was confined in a holding room of the City-County Building.

Deputy McClellan seeks resolution of the claim described above through the entry of summary judgment.

For the reasons explained below the motion for summary judgment [88] must be **denied.**

**Discussion**

    A.   **Standard of Review**

The motion for summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed.R.Civ.P.** 56(a). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable

jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372 (2007).

### B.     Material Facts

On March 31, 2009, Menendez was confined in the Marion County Jail awaiting trial on criminal charges. That morning, Menendez was transferred from the Jail to a secure holding room in the basement of the City-County Building so that she could attend a pre-trial conference.

At approximately 9:45 a.m., Deputy McClellan responded to a call for additional deputies to assist with a potentially combative inmate, Menendez. When deputies opened the holding cell door, an altercation occurred between the deputies and Menendez. The facts surrounding this altercation are disputed. Menendez's version is that she did not physically resist Deputy McClellan and that he used excessive force on her.

As a result of this altercation, Menendez was charged with two (2) offenses: *Count I*: Forcibly Resisting Arrest of a law enforcement officer causing bodily injury, a Class D felony in violation of IND. CODE ' 35-44-3-3; and *Count II*: Battery on an officer causing injury, a Class D felony in violation of IND. CODE ' 35-42-2-1.

On June 11, 2009, Menendez agreed to the facts alleged in *Count I* and pleaded guilty. In exchange for her guilty plea, *Count II* was dismissed. The court accepted her plea of guilty and sentenced her, in accordance with the plea agreement, to 393 days on probation, alcohol evaluation and treatment, and Alternative Misdemeanor Sentencing upon successful completion of probation. Menendez's conviction in *Count I* has remained valid and has not otherwise been set aside.

### C.     Analysis

Deputy McClellan argues that he is entitled to judgment as a matter of law because Menendez's claim is barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the Supreme Court "held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citation omitted). Deputy McClellan argues that Menendez's claim is *Heck*-barred because her allegations necessarily imply the invalidity of her criminal conviction to *Count I.* The principle supporting this argument is that Menendez "cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson,* 544 U.S. 74, 81 (2005).

Menendez argues in response that she is "not contesting the conviction itself, due to the fact that the conviction has already been imposed, and the sentence has already been served." Dkt. 98 at p. 13.

*Heck* deals with "the intersection of the two most fertile sources of federal-court *prisoner* litigation"--the habeas corpus statute and Section 1983. 512 U.S. at 480 (emphasis added). In *Heck* and related decisions, the Supreme Court "focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement." *Wilkinson,* 544 U.S. at 81. The *Heck* doctrine is premised on "considerations of linguistic specificity, history, and comity" that establish habeas corpus proceedings as the sole means of obtaining release from unlawful confinement. *See id.* at 78-79. The doctrine's purpose, in part, is to ensure that prisoners seeking to challenge their convictions, either directly or indirectly, cannot circumvent the limitations on the availability of habeas remedies, such as the requirement that a prisoner first exhaust state remedies before challenging a state conviction in federal court. *Muhammad,* 540 U.S. at 751.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), a majority of the Justices of the Supreme Court stated that a prisoner not in custody who cannot challenge the validity of his conviction by either appeal or post-conviction procedure can do so by bringing a civil rights suit for damages under 42 U.S.C. § 1983. The Justices' positions regarding the scope of the *Heck* rule were summarized in *DeWalt v. Carter*, 224 F.3d 607, 615-616 (7th Cir. 2000):

> Justice Souter, joined by Justices O'Connor, Ginsburg, and Breyer, wrote: "The better view, then, is that a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy." *Id.* at 990, 118 S. Ct. 978 (Souter, J., concurring). Justice Ginsburg reiterated her agreement in her separate concurrence: "I have come to agree with Justice Souter's reasoning: Individuals without recourse to the habeas statute because they are not 'in custody' (people merely fined or whose sentences have been fully served, for example) fit within § 1983's 'broad reach.'" *Id.* (Ginsburg, J., concurring). Justice Stevens also accepted Justice Souter's position: "Given the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice Souter explains, that he may bring an action under § 1983." *Id.* at 992 n. 8, 523 U.S. 1 (Stevens, J., dissenting).

*Id.* See also *Muhammad*, 540 U.S. at 752 n.2 (stating that the unavailability of habeas for other reasons may also dispense with the *Heck* requirement).

Following the Supreme Court's lead, a majority of circuits have held that *Heck's* favorable termination requirement does not bar § 1983 suits brought by individuals for whom habeas relief is no longer available. See *Pickens v. Moore,* 806 F.Supp.2d 1070, 1074 (N.D.Ill. 2011).[1] In line with the majority, the Seventh Circuit has held "that a prisoner may bring a § 1983 claim challenging the conditions of [his] confinement where [he] is unable to challenge the conditions through a petition for federal habeas corpus." *DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000) (internal quotation marks omitted, brackets in original). *DeWalt* explicitly overruled *Anderson v. County of Montgomery*, 111 F.3d 494 (7th Cir. 1997), and *Stone–Bey v. Barnes*, 120 F.3d 718 (7th Cir. 1997), each of which had held that the *Heck* bar applied without regard to the fact that the claimant was no longer incarcerated and thus had no habeas relief available to him. *DeWalt*, 224 F.3d at 617–18.

Menendez is not a prisoner. She is no longer "in custody" pursuant to the sentence imposed for her conviction in *Count I.* No habeas remedy is available to her regarding the constitutional violations she alleges. Accordingly, the law and reasoning of *Heck* do not apply to the facts of this case.

## Conclusion

The motion for summary judgment [88] is **denied.**

**IT IS SO ORDERED.**

Date: _06/27/2012_____

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Rachel Marie Menendez
614 ½ N. Emerson Ave.
Indianapolis, IN 46219

All Electronically Registered Counsel

---

[1] In *Pickens v. Moore,* 806 F.Supp.2d 1070, 1074 (N.D.Ill. 2011), the district court provided a thorough analysis of whether *Heck* operates on a former inmate, now released, for whom habeas relief is currently unavailable. That district court determined the former inmate was not barred from pursing his 42 U.S.C. § 1983 lawsuit. Although not dispositive, the analysis in *Pickens* is persuasive.